UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EARL IRA BOWMAN,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>W. HAYES, et al.,<br><br>　　　　　　　　Defendants. | Case No. C16-381 RSM-BAT<br><br>**ORDER REGARDING PLAINTIFF'S MOTIONS (DKT. 44, 45, 46, 48 and 49)** |

Plaintiff Earl Ira Bowman has filed numerous motions with the Court. For the reasons stated herein, the motions are denied.

## DISCUSSION

**A.     Motion to Add to Complaint – Dkt. 44**

In this motion, plaintiff "wants the Court to know" that he is being denied legal supplies and case law. Dkt. 44, at 1. Plaintiff has failed to provide a proposed amended complaint. He instead lists additions he wants to make to his original complaint in his motion. This is not in compliance with LCR 15, which provides as follows:

> A party who moves for leave to amend a pleading, or who seeks to amend a pleading by stipulation and order, must attach a copy of the proposed amended pleading as an exhibit to the motion or stipulation. The party must indicate on the proposed amended pleading how it differs from the pleading that it amends by bracketing or striking through the text to be deleted and underlining or highlighting the text to be added. The proposed amended pleading must not incorporate by reference any part of the preceding pleading, including exhibits. If

ORDER REGARDING PLAINTIFF'S MOTIONS (DKT. 44, 45, 46, 48 and 49) - 1

a motion or stipulation for leave to amend is granted, the party whose pleading was amended must file and serve the amended pleading on all parties within fourteen (14) days of the filing of the order granting leave to amend, unless the court orders otherwise.

Plaintiff must therefore attach a copy of the proposed amended pleading as an exhibit to his motion. In addition, the proposed amended complaint must stand on its own without reference to the original complaint. It is not possible for the Court or the defendants to fully respond to plaintiff's motion without seeing his proposed amended complaint. For this reason, his motion "to add to complaint" (Dkt. 44) is denied.

**B.     Motion for Discovery – Dkt. 45**

In this "motion," plaintiff requests discovery from defendants. Dkt. 45. Discovery requests are not filed with the Court but are exchanged between the parties. Counsel for defendants states in her declaration that the discovery requested by plaintiff has been provided. Dkt. 47. Therefore, this motion (Dkt. 45) is denied.

**C.     Motion to Exempt Funds – Dkt. 46**

Plaintiff was granted leave to proceed *in forma pauperis* in this matter pursuant to 28 U.S.C. § 1915(b)(1), on March 29, 2016. Dkt. 9 (the "IFP Order"). The IFP Order provides that, after an initial partial filing fee is collected, plaintiff is required to pay 20 percent of the preceding month's income credited to his account until the full amount of the filing fee is paid. *Id.* In this motion, plaintiff asks the Court to order the Department of Corrections (DOC) to refrain from taking funds from his account to pay the filing fee until his case is over. He claims that the IFP Order is inhibiting his ability to purchase envelopes, stamps, and writing paper needed to prosecute his case. Dkt. 46. Plaintiff does not state whether he has asked for and has been denied these items or whether he has not been allowed to charge these items to his account.

ORDER REGARDING PLAINTIFF'S MOTIONS (DKT. 44, 45, 46, 48 and 49) - 2

Title 28 U.S.C. § 1915 does not provide any authority or mechanism for the Court to waive the payment of a plaintiff's filing fee or to return the filing fee after dismissal of an action. "Filing fees are part of the costs of litigation." *Lucien v. DeTella*, 141 F.3d 773, 775 (7th Cir.1998). Prisoner cases are no exception. *See Goins v. Decaro*, 241 F.3d 260, 261–62 (2d Cir.2001) (inmates who proceeded pro se and *in forma pauperis* were not entitled to refund of appellate fees or to cancellation of indebtedness for unpaid appellate fees after they withdrew their appeals). In fact, "[a] congressional objective in enacting the [Prisoner Litigation Reform Act] was to 'mak[e] all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.'" *Goins*, 241 F.3d at 261.

The Court is unaware of any authority allowing the suspension of a prisoner's obligation to repay the filing fee during the pendency of a lawsuit. Moreover, the Supreme Court has stated that "[i]t is indisputable that indigent inmates must be provided at state expense with paper and pen to draft legal documents, with notarial services to authenticate them, and with stamps to mail them." *Bounds v. Smith*, 430 U.S. 817, 824–25 (1977). Thus, even if 20 percent of plaintiff's income is recouped for filing fees, he will not be denied access to paper, writing instruments, or postage because the government is required to provide these materials to indigent inmates. Moreover, plaintiff has not shown that his access to courts has been impaired by the IFP Order. In fact, plaintiff has filed numerous motions in this action. Accordingly, Plaintiff's motion for a suspension of the IFP Order (Dkt. 46) is denied.

**D.     Motion for Order to Bring Legal Documents to Prison – Dkt. 48**

In this motion, plaintiff asks the Court to allow him to stay in jail or to be allowed to bring all of his legal papers with him when he is transferred to prison. Dkt. 48. Plaintiff bases this request on his belief that he will not be able to take legal documents with him to prison. *Id.*

ORDER REGARDING PLAINTIFF'S MOTIONS (DKT. 44, 45, 46, 48 and 49) - 3

1   Since the filing of this motion, plaintiff was transferred to the Washington Corrections
2   Center (WCC). Thus, his motion is now moot. Additionally, plaintiff addresses access to his
3   legal materials in his motion to continue (Dkt. 58), which is noted for January 27, 2017. That
4   request will be considered after defendants have responded to the motion and the motion is ripe
5   for review. Accordingly, this motion (Dkt. 48) is denied.

**E.      Motion to Add Evidence – Dkt. 49**

In this motion, plaintiff seeks to submit exhibits and subpoena witnesses to Court in support of his case. Plaintiff is concerned that he will be prohibited from doing so after he is transferred to prison as he has been told he cannot take all of the papers he has accumulated in in jail. Dkt. 49. As previously noted, plaintiff has been transferred to the WCC. In addition, now is not the time to submit exhibits or subpoena witnesses. There are no dispositive motions pending and this case has not been set for trial. Accordingly, this motion (Dkt. 49) is denied.

Based on the foregoing, it is **ORDERED:**

1)     Plaintiff's motions (Dkts. 44, 45, 46, 48, and 49) are **DENIED.**

2)     The Clerk shall send a copy of this Order to plaintiff and counsel for defendants.

Dated this 19th day of January, 2017.

BRIAN A. TSUCHIDA
United States Magistrate Judge