UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EARL IRA BOWMAN,

                Plaintiff,

     v.

W. HAYES, et al.,

                Defendants.

Case No. 16-381 RSM-BAT

**REPORT AND RECOMMENDATION**

     In this 42 U.S.C. § 1983 civil-rights action, Plaintiff Earl Ira Bowman, proceeding pro se and *informa pauperis*, names W. Hayes, H. Tamura, G. Karlson, Major T. Clark, C. Womack, and Debby Ogle, all employees of the King County Jail, Department of Adult and Juvenile Detention (KCCF-DAJD). He alleges that the defendants have denied him access to courts by limiting his access to the legal computer workstation at the KCCF. Dkts. 15 and 15-1. He seeks $150,000 in damages. Dkt. 15-1 at 5. Defendants move for summary judgment. Dkt. 67. The Court recommends that the motion for summary judgment be granted.

**FACTS**

     On June 6, 2016, Mr. Bowman filed an amended complaint. Dkts. 15 and 15-1. In his statement of claim, Mr. Bowman alleged, "I am being denied access to law by all defendants listed above? (sic). See Attached Paper's (sic)." Dkt. 15 at p. 3. In his attachment, plaintiff alleges that he was denied access to the law by Ms. Debby Ogle, the legal computer work station

REPORT AND RECOMMENDATION - 1

1  coordinator.  He claims he missed his court deadline and anticipated that he would also miss a

2  June 24, 2016 deadline to respond because he is not being allowed access to the legal computer.

3  Dkt. 15-1, at pp. 1-2.  He also claims that he wanted to represent himself in his criminal case,

4  but he had to forfeit his rights to a trial and plead guilty because he was not allowed access to the

5  legal computer.  Id., p. 3.

6        Attached to plaintiff's amended complaint is a letter dated February 16, 2016 from Major

7  T. Clark of the King County DAJD, stating:

> In your letter you complained that you have been on the waiting list for the legal computer workstation for "over a month" and have written several kites and grievances regarding this issue.  Unfortunately, you are not a Pro-Se inmate and therefore, you must wait for use of the legal computer workstation.  As the list of Pro-Se inmates increases, the wait time will also increase.  Records reflect you received responses similar in nature to each of your kites and grievances.  Your assertion that you will be removed from the waiting list for "writing kites" is not supported by the evidence.

Dkt. 15-1, p. 6.

      On October 6, 2015, Mr. Bowman was charged by way of criminal Information with one count of Robbery in the Second Degree and one count of Assault in the Second Degree – Domestic Violence (Cause No. 15-1-05817-3 SEA).  Dkt. 68, Declaration of Pascal Herzer, Ex. 1.  He was booked into the King County Jail in Seattle.  A Notice of Appearance was filed on his behalf on October 14, 2015, appointing Paige Garberding as counsel of record.  *Id*., Herzer Decl., Ex. 2.  On May 20, 2016, Mr. Bowman pled guilty to one count of Assault in the Third Degree – Domestic Violence; he remained represented by counsel Garberding.  *Id.*, Herzer Decl., Ex. 3.  On July 29, 2016, Ms. Garberding was permitted to withdraw and Matthew Pang was substituted as counsel for Mr. Bowman on August 4, 2016.  *Id.*, Herzer Decl., Exs. 4, 5.  On December 21, 2016, Mr. Bowman was allowed to withdraw his 5/20/16 plea and enter a new plea of guilty to one count of Assault in the Third Degree –Domestic Violence; he was sentenced on that same

REPORT AND RECOMMENDATION - 2

day – all while still represented by counsel Pang. *Id.*, Herzer Decl., Exs. 6, 7, 8.  Mr. Bowman has at no time represented himself pro se in his criminal matter.

When Mr. Bowman filed this lawsuit in June of 2016, his only pending matter was the aforementioned criminal case, in which he was represented by counsel. *Id.*

DAJD inmates are able to access Westlaw workstations to perform legal research using DAJD's subscription to Westlaw Corrections.  Within the DAJD facility located in downtown Seattle, the program is accessible on two workstations.  Dkt. 68-1, pp. 105-108, Declaration of Chris Womack, DAJD Corrections Program Manager, Ex. 12.  Priority for the Westlaw workstations is given to pro se inmates, followed by inmates who are represented by counsel. *Id.*, Womack Decl., Ex. 12.  At any given time, DAJD's Seattle facility houses 18-22 pro se defendants. *Id.*  As such, all pro se inmates are automatically scheduled to use the Westlaw workstations for two hour sessions twice a week, for a total of four hours; represented inmates are provided access on a first come, first serve basis via kite requests. *Id.*

Mr. Bowman was added to the Westlaw pro se list by DAJD on June 28, 2016. *Id.*  From October 6, 2015, to June 28, 2016, Mr. Bowman was assigned to use the Westlaw workstation on fourteen occasions.  Dkt. 68-2, pp. 22-23, Declaration of Deborah Ogle; Dkt. 68-2, pp. 25-26, Declaration of Cindi Lingbloom, Exs. 15, 16.  Since June 28, 2016, Mr. Bowman has been scheduled to use the Westlaw workstation at least 47 times.  Dkt. 68-1, p. 108, Womack Decl., Ex. 12.

In his responses to requests for admission, Mr. Bowman admitted that (1) he was never allowed, orally, or by written order, to represent himself in his criminal matter; (2) he was granted access to legal resources through the use of the Westlaw workstations and thus had independent access to the courts; (3) he was placed on a waitlist for use of the Westlaw

REPORT AND RECOMMENDATION - 3

workstation when necessary and (4) since becoming a pro se litigant, he had been scheduled to use the Westlaw work station about 40 times.  Dkt. 68, Herzer Decl., Exh. 14; Dkt. 43.

## LEGAL STANDARDS

**A.   Summary Judgment**

The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The moving party has the initial burden of production to demonstrate the absence of any genuine issue of material fact.  Fed. R. Civ. P. 56(a); *see Devereaux v. Abbey,* 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc).  To carry this burden, the moving party need not introduce any affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the absence of evidence to support the nonmoving party's case.  *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir.2000).  A nonmoving party's failure to comply with local rules in opposing a motion for summary judgment does not relieve the moving party of its affirmative duty to demonstrate entitlement to judgment as a matter of law.  *Martinez v. Stanford*, 323 F.3d 1178, 1182-83 (9th Cir. 2003).

"If the moving party shows the absence of a genuine issue of material fact, the non-moving party must go beyond the pleadings and 'set forth specific facts' that show a genuine issue for trial."  *Leisek v. Brightwood Corp*., 278 F.3d 895, 898 (9th Cir. 2002) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).  The non-moving party may not rely upon mere allegations or denials in the pleadings but must set forth specific facts showing that there exists a genuine issue for trial.  *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986).  A plaintiff must "produce at least some significant probative evidence tending to support" the allegations in the complaint.  *Smolen v. Deloitte, Haskins & Sells*, 921 F.2d 959, 963 (9th Cir. 1990).

REPORT AND RECOMMENDATION - 4

Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson*, 477 U.S. at 248. In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." *Triton Energy Corp. v. Square D Co.,* 68 F.3d 1216, 1121 (9th Cir. 1995).

**B.    42 U.S.C. § 1983 - Access to Courts**

A pretrial inmate may bring an action for violation of his constitutional rights under 42 U.S.C. § 1983 if he can show that (1) a state actor (2) violated his constitutional rights. *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). Mr. Bowman alleges that he has been denied access to courts.   Inmates have a fundamental constitutional right of access to the courts and prison officials may not actively interfere with a plaintiff's right to litigate. *Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Phillips v. Hust*, 588 F.3d 652, 655 (9th Cir.2009). Courts have traditionally differentiated between two types of access claims, those involving the right to affirmative assistance, and those involving inmate's right to litigate without active interference. *Silva v. DiVittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011). The right to assistance is limited to direct criminal appeals, habeas petitions, and civil rights actions. *Lewis*, 518 U.S. at 354.

Prisoners also have the right to pursue claims, without active interference, that have a reasonable basis in law or fact. *Silva*, 658 F.3d at 1103–04. This right forbids state actors from erecting barriers that impede the right of access to the courts of incarcerated persons. *Silva*, 658 F.3d at 1102 (internal quotations omitted).

To establish a violation of the right of access to courts, an inmate must show actual injury.  Actual injury results from "some specific instances in which an inmate was actually denied access to the courts." *Sands v. Lewis*, 886 F.2d 1166, 1170–71 (9th Cir.1989). Moreover,

REPORT AND RECOMMENDATION - 5

a prison regulation impinging on inmates' constitutional rights, even a right of access to the courts, is valid if it is reasonably related to legitimate penological interests. *See Lewis*, 518 U.S. at 353 (citing *Turner v. Safley*, 482 U.S. 78 (1987)).

There is no "abstract, freestanding right to a law library or legal assistance." *Bounds v. Smith*, 430 U.S. 817 (1977). A plaintiff cannot establish a constitutional injury simply by alleging that the prison law library or legal assistance program was infirm in some theoretical sense. *Lewis*, 518 U.S. at 350-51. Rather, he must allege facts and on summary judgment, must show evidence, that the shortcomings of the law library resulted in an actual injury with respect to existing or contemplated litigation, such as the inability to present a claim or to meet a filing deadline. *See id.* at 348.

## DISCUSSION

### A.     Access to Court - Criminal Case

When Mr. Bowman initially filed this action in June 2016, his only pending matter was his criminal case. In his original complaint, he alleged he was denied the right to defend himself "on [his] criminal case." Dkt. 68, Ex. 9. In his first amended complaint, Mr. Bowman stated "I know I have a lawyer but they can be ineffective so this is why I need access to law so I can know my lawyer is not lying to me? …. So you know if they're denying me access to law when I'm fighting my criminal case." *Id.*, Ex. 10. In his second amended complaint, Mr. Bowman alleged that he had been forced to forego his right to a trial and plead guilty. All of these allegations pertain to Mr. Bowman's criminal case. The record reflects, and Mr. Bowman does not dispute, that he was represented by counsel during the entire pendency of his criminal case.

The record also reflects that Mr. Bowman was given first come, first serve access to Westlaw workstations as a non-pro se prisoner and between October 2015 and May 2016, was

REPORT AND RECOMMENDATION - 6

1  assigned to use a Westlaw workstation on fourteen separate occasions. Dkt. 68, Herzer Decl.,
2  Ex. 14; Dkt. 43, Answer #10. In addition, Mr. Bowman was added to the waitlist upon request
3  when necessary. *Id.*; Dkt. 43, Answer #3.

4  Mr. Bowman was represented by an attorney during the entire pendency of his criminal
5  case and therefore, had access to the courts through that attorney. Mr. Bowman was also
6  individually granted access to the Westlaw computer on fourteen separate occasions. Thus, he
7  was never denied access to the courts during the pendency of his criminal case. Mr. Bowman
8  appears to argue that he had a constitutional right to unfettered access to the law library and
9  counsel so that he could prove that his counsel was not providing him with inadequate assistance.
10 However, the constitutional right of access to the courts does not impose a duty on defendants to
11 provide access to law libraries *and* assistance from someone trained in the law. Mr. Bowman's
12 constitutional right to access the court was met when he was appointed counsel to represent him
13 in his criminal case.

14 Moreover, Mr. Bowman has failed to show actual injury from any alleged denial of
15 access to courts. Mr. Bowman claims, without evidence, that he missed an unspecified deadline
16 and that he had to forego his right to a trial and plead guilty. Mr. Bowman does not demonstrate,
17 however, how any alleged denial of his right to access to the courts affected his ability to meet a
18 deadline or forced him to plead guilty. Mr. Bowman was represented by an attorney from the
19 initiation of his criminal matter to his sentencing hearing. He therefore, had representation to
20 address his court deadlines. Since filing his Amended Complaint on June 6, 2016, Mr. Bowman
21 was given new counsel, Mr. Pang, with whom he worked from August 4, 2016 to December 21,
22 2016. Mr. Bowman was allowed to withdraw his initial plea and enter a new guilty plea (with a
23 lower sentence range) four-and-a-half months later. Mr. Bowman has suffered no actual injury.

REPORT AND RECOMMENDATION - 7

1   Mr. Bowman has failed to demonstrate the existence of a genuine issue of material fact
2  relating to his claim that he was denied access to courts in his criminal case.  Defendants are
3  entitled to summary judgment on this claim.

**B.    Access to Courts – This Case**

To the extent Mr. Bowman is contending that he has been deprived of meaningful access to the courts for purposes of this litigation, the record reflects otherwise.  Mr. Bowman was added to the Westlaw prose list by DAJD on June 28, 2016, shortly after he filed his second Amended Complaint.  After a pro se defendant is added to DAJD's pro se list, the inmate is automatically scheduled to use the Westlaw workstations for two hour sessions twice a week (for a total of four hours per week).  Dkt. 68-1, Womack Decl., Ex. 12.  Mr. Bowman's access to the Westlaw workstations followed this schedule, and since June 28, 2016, Mr. Bowman has been scheduled to use the workstation at least 40 times.  *Id.;* Dkt. 43, Answer #12.

Mr. Bowman appears to argue that he was not given access to every database that he sought.  However, the right of access to the courts does not guarantee a prisoner unlimited access to a law library.  *Lindquist v. Idaho State Bd. Of Corrections*, 776 F.2d 851, 858 (1985).  Prisons need not provide its inmates with a library that results in the best possible access to the courts or one that is open 24 hours per day.  *Id.*  Rather, prisons must provide its inmates with a library that meets minimum constitutional standards and provide inmates with sufficient access to legal research materials to prepare pro se pleadings, appeals, and other legal documents.  *Id*.  Here, the DAJD, through its Westlaw representative, provides access to all inmates to many legal databases (including all Federal Case Law, Federal Civil Rules, Appellate case law for all 50 states, and Prisoner's  Manual).  Dkt. 68-1, Womack Decl., Ex. B.

Mr. Bowman has failed to raise a genuine issue of material fact as to his claim that

REPORT AND RECOMMENDATION - 8

1  defendants have failed to provide him with access to courts.  Mr. Bowman has demonstrated no
2  actual injury – that is, "actual prejudice with respect to contemplated or existing litigation, such
3  as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 349.  To
4  establish a constitutional violation under *Bounds*, the 'actual injury' that an inmate must
5  demonstrate is that the alleged shortcomings in the prison library or legal assistance program
6  have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim.  *Id*.
7  Mr. Bowman has not suffered any actual injury in his ability to prosecute this case.

## CONCLUSION

9  The Court recommends that defendants' motion for summary judgment (Dkt. 67) be
10 **GRANTED** and this matter **dismissed with prejudice.**
11 Any objections to this Recommendation must be filed and served upon all parties no later
12 than **Friday, March 31, 2017**.  The Clerk should note the matter for **Tuesday, April 4, 2017,** as
13 ready for the District Judge's consideration if no objection is filed.  If objections are filed, any
14 response is due within 14 days after being served with the objections.  A party filing an objection
15 must note the matter for the Court's consideration 14 days from the date the objection is filed
16 and served.  The matter will then be ready for the Court's consideration on the date the response
17 is due.  Objections and responses shall not exceed twelve (12) pages.  The failure to timely
18 object may affect the right to appeal.
19 DATED this 13th day of March, 2017.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge